UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARACELI RESENDIZ,<br><br>                    Plaintiff,<br><br>vs.<br><br><br><br>RECONTRUST COMPANY, N.A., et al.,<br><br>                    Defendant. | CASE NO. 09CV1959 DMS (CAB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>[Docs. 10 & 17.] |

Pending before the Court are Defendant SunTrust Mortgage Inc.'s motion to dismiss Plaintiff's First Amended Complaint ("FAC") and Plaintiff's motion for leave to file a Second Amended Complaint ("SAC"). The Court finds the matters suitable for submission without oral argument pursuant to Local Rule 7.1. For the reasons set forth below, the Court grants both motions.

**I.**

**BACKGROUND**

This case arises out of a loan Plaintiff Araceli Resendiz obtained to purchase real property located in Escondido, California. (FAC ¶ 6.) Plaintiff obtained financing from Defendant SunTrust

Mortgage. (Id. at ¶ 7.) Plaintiff ultimately defaulted on the loan and the home was sold in a foreclosure sale on May 12, 2009.[1] (Id. at ¶ 16-17.)

Plaintiff filed suit on September 8, 2009 and filed the FAC on December 21, 2009. Defendant filed the motion to dismiss on January 27, 2010. Plaintiff did not timely file an opposition, but moved *ex parte* to file a late opposition. (Doc. 13.) The Court granted Plaintiff's request. (Doc. 16.) On March 10, 2010, the date Plaintiff's opposition was due, Plaintiff filed both an opposition to Defendant's motion and a motion for leave to file a second amended complaint. (Docs. 17-18.) Defendant filed a late reply on April 8, 2010. (Doc. 19.)

The FAC alleges four claims for relief: 1) intentional misrepresentation, 2) violation of the Truth in Lending Act ("TILA"), 3) violation of the Real Estate Settlement Procedures Act ("RESPA"), and 4) violation of California Civil Code § 1632.[2] The proposed second amended complaint drops the § 1632 claim and adds a new party, Diablo Funding Group, Inc. dba Pacific Capital Mortgage ("Pacific"). The SAC adds a fraudulent concealment claim against SunTrust and Pacific, and breach of fiduciary duty and constructive fraud claims against Pacific.

## II.
## DISCUSSION

**A.     Motion to Dismiss**

In two recent opinions, the Supreme Court established a more stringent standard of review for 12(b)(6) motions. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires

---

[1] The date of the foreclosure sale is unclear. The proposed SAC states the foreclosure sale occurred on or about June 1, 2009, not May 12. (SAC ¶ 19.)

[2] The FAC also names Recontrust Company, N.A. as a Defendant. Plaintiff voluntarily dismissed Recontrust on February 18, 2010. (Doc. 11.)

the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 1951. It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

### 1.     *Intentional Misrepresentation*

Defendant argues Plaintiff's intentional misrepresentation claim is not pled with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure. The Court agrees.

A pleading will be "sufficient under Rule 9(b) if it identifies the circumstances of the alleged fraud so that the defendant can prepare an adequate answer." *Fecht v. Price Co.*, 70 F.3d 1078, 1082 (9th Cir.1995). The same is true for allegations of fraudulent conduct. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003). In other words, fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged. *Id.* at 1106. The elements of a fraud claim are false representation, knowledge of falsity, intent to defraud, justifiable reliance, and damages. *Id.* When there are multiple defendants, "a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[] in the alleged fraudulent scheme.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (citations omitted).

The FAC alleges that "Defendants" inserted an inflated income level for Plaintiff on the loan documents and gave Plaintiff a loan she clearly could not afford. (FAC ¶¶ 25-26.) Further, Plaintiff alleges Defendants misstated the APR and finance charge and provided Plaintiffs with documents containing false representations. (Id. at ¶¶ 28-29.) These allegations are conclusory and do not specify which Defendants are at fault, which documents contained the false representations, how they were false, and by whom at the corporation they were provided.

The proposed SAC does not cure the defects. The SAC alleges in a conclusory fashion that Defendant Pacific, with Defendant SunTrust's consent, inserted an inflated income level on Plaintiff's loan documents. (SAC ¶ 25.) The SAC further alleges that Defendants SunTrust and Pacific failed to inform Plaintiff of her right to rescind, misstated the APR and finance charges, and misrepresented that Plaintiff was qualified for the loan. (Id. at ¶¶ 26-28.) Although Plaintiff replaced "Defendants"

with "Defendants SunTrust and Pacific," the allegations again do not specify which Defendant made which misrepresentation, which documents contained the false representations, how they were false, and by whom at the corporations they were provided. Accordingly, the Court dismisses Plaintiff's claim for intentional misrepresentation.

       2.     TILA

Plaintiff seeks both damages and rescission under TILA for Defendant's failure to disclose in writing two copies of the right of rescission, failure to make written disclosures regarding the amount being financed, and by engaging in prohibted asset-based lending. (FAC ¶¶ 47-48.)

Defendant argues the damages claim under TILA is time-barred by the one year statute of limitations. 15 U.S.C. § 1640(e). Plaintiff does not oppose this proposition and instead includes the date of discovery of the TILA violations in the proposed SAC, apparently in an attempt to establish equitable tolling of the statute of limitations. The loan was obtained June 5, 2007 and Plaintiff became aware of the alleged violations on August 25, 2009. (SAC ¶ 55.) Although equitable tolling applies to TILA claims, *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986), Plaintiff's allegations are insufficient to overcome the statutory bar. Equitable tolling may arise where there is excusable delay by the plaintiff. *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. Cal. 2000). "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Id*. There are no allegations to support a claim that Plaintiff acted with due diligence to learn of the statutory violations.

Defendant argues Plaintiff's claim for rescission fails because a purchase money mortgage is not subject to TILA's rescission provisions. Rescission under TILA is not available for a "residential mortgage transaction," which is defined as "a transaction in which a mortgage, deed of trust...or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. §§ 1602(w), 1635(e). "Thus, while home equity loans and refinancing transactions could be amenable to rescission, Plaintiff's purchase money mortgage is not." *Watts v. Decision One Mortg. Co., LLC*, 2009 U.S. Dist. LEXIS 54784 at * 8 (S.D. Cal. June 11, 2009). Plaintiff does not dispute Defendant's argument. Accordingly, Plaintiff's TILA claim is dismissed.

*3.  RESPA*

Plaintiff alleges Defendant violated RESPA "by failing to do the following: (a) Initial Good Faith Estimate, (b) Final Good Faith Estimate, (c) Notice of Assignment, Sale or Transfer of Servicing Rights, (d) Escrow Account Disclosure. (FAC ¶ 55.) Defendant contends that this does not state a claim because RESPA creates a private right of action only for certain violations, such as for payment of kickbacks for real estate settlement services. Plaintiff does not dispute this. Instead, Plaintiff's proposed SAC alleges that Defendants SunTrust and Pacific violated RESPA by "providing a person with a fee, kickback, or thing of value pursuant to any agreement or understanding...." (SAC ¶ 67(a).) This fails to cure the defect, however, because the language simply parrots the statute without providing any factual support for the allegations. Accordingly, the Court dismisses Plaintiff's RESPA claim.

**B.  Leave to Amend**

A court should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Although Plaintiff's proposed SAC does not cure all of the defects as currently written, the Court will allow Plaintiff to file a Second Amended Complaint in accordance with this Order. If Plaintiff again fails to cure the defects, the Court will dismiss the complaint with prejudice.

## III.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss Plaintiff's First Amended Complaint is granted. Plaintiff's motion for leave to file a Second Amended Complaint is granted. Plaintiff may file a Second Amended Complaint, modified in accordance with this Order, by no later than **April 30, 2010.**

**IT IS SO ORDERED.**

DATED: April 13, 2010

_____
HON. DANA M. SABRAW
United States District Judge